# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2969 | **DATE** | May 29, 2008 |
| **CASE TITLE** | Jackson v. Illinois Dept. of Labor | | |

**DOCKET ENTRY TEXT**

Plaintiff has failed to state a claim on which relief may be granted. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the case is dismissed, and the application for leave to proceed in forma pauperis and motion for the appointment of counsel are denied as moot.     SEE DETAILS BELOW.

__X__ [ For further details see text below.]     Docketing to mail notices.

:00

## STATEMENT

Plaintiff Kimyuna Jackson filed this pro se action in which she complains about a hearing that occurred on her wage claim before the Illinois Department of Labor. Plaintiff seeks to proceed in forma pauperis and moves for the appointment of counsel. She states in her financial affidavit that she is currently unemployed and that her sole source of funds is child support. She has one dependent child and no assets. On these facts, plaintiff has demonstrated her inability to pay court costs. We must also consider, though, whether the complaint satisfies any of the criteria for dismissal enumerated in 28 U.S.C. § 1915(e)(2)(B). We are mindful of our responsibility to construe a pro se complaint liberally. See Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996).

     The complaint is very brief and states that plaintiff "was discriminated [against]" during her wage claim hearing before an administrative law judge for the Illinois Department of Labor. Plaintiff complains that the judge "didn't listen [and] didn't let me speak" and seeks an investigation of the judge's conduct as well as $300 million in damages.

     The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). Although this does "not require heightened fact pleading of specifics," it does require the complaint to contain "enough facts to state a claim to relief that is plausible on its face." Id. at 1974. The factual detail in the instant complaint does not meet this standard and fails to raise a colorable federal claim. Federal law does not provide redress for all types of "discrimination." Plaintiff fails to specify the type of discrimination that underlies the defendant's alleged misconduct or which of her rights were violated. The basis for any other kind of federal claim is unclear.

     Plaintiff has failed to state a claim on which relief may be granted. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the case is dismissed, and the application for leave to proceed in forma pauperis and motion for the appointment of counsel are denied as moot.